United States District Court

District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America** | ) ) ) | |
| v. | ) ) | Criminal Action No. 11-10062-NMG |
| Anthony Vaughn, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Anthony Vaughn ("defendant" or "Vaughn") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

**I.   Background**

In November, 2012, defendant pled guilty to a one-count superseding indictment charging him with conspiracy to possess with intent to distribute cocaine and heroin. In June, 2013, this Court sentenced him to 120 months in prison, to run consecutively to the term of imprisonment he was then serving, and eight years of supervised release. Vaughn is currently incarcerated at FCI-Milan in York Township, Michigan and his projected release date is May 29, 2023.

Vaughn moves to modify his sentence to time served or to replace the remainder of his prison time with home confinement. He contends that his incarceration puts him at high risk of contracting COVID-19 and that the balance of factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release.  The government disagrees and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i).  Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B.   Application**

Defendant is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A).

First, defendant has failed to exhaust his administrative remedies prior to requesting compassionate release as required by § 3582(c).  He asserts that such a failure should not be fatal to his claim because the statutory exhaustion requirement can and should be waived by this Court.  Defendant cites no case law in this Circuit, however, to support his theory.  Even assuming that the requirement can be waived, defendant merely contends that the futility of exhausting his administrative remedies and the resulting irreparable harm are "manifest."  This Court discerns no reason to excuse defendant from the statutory requirement to exhaust his remedies.

Second, defendant does not suffer from a condition that places him at such an increased risk of severe illness from COVID-19 as to warrant release.  The Centers for Disease Control and Prevention have indicated that moderate-to-severe asthma, among other things, may increase the risk of serious illness from COVID-19.  Vaughn states that he has been diagnosed with asthma but does not allege that he suffers from a severe or even moderate form of that illness.  Accordingly, defendant has not

shown that his asthma constitutes an "extraordinary and compelling" reason supporting his release.

Finally, a reduction in defendant's sentence would be inconsistent with the § 3553(a) factors. Defendant has a lengthy criminal history and has been convicted of offenses involving drug trafficking and violence. He also committed the offense for which he is currently imprisoned while incarcerated for a prior drug distribution offense. The seriousness of the offense and the need for just punishment and respect for the law weigh heavily against defendant's release. § 3553(a)(2).

**ORDER**

Accordingly, defendant's motion for compassionate release (Docket No. 1352) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 13, 2020